ANDREW C. GREEN, ESQ.
Nevada Bar No. 9399
DAVID M. GOULD, ESQ.
Nevada Bar No. 11143
KOELLER NEBEKER CARLSON & HALUCK, LLP
300 South Fourth Street, Suite 500
Las Vegas, NV 89101
Phone: (702) 853-5500
Fax: (702) 853-5599
Attorneys for Defendant,
SAFECO INSURANCE COMPANY OF ILLINOIS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YONG HA CHUNG, | CASE NO.: 2:15-cv-00920-GMN-VCF |
| Plaintiff, | |
| vs. | **STIPULATION AND PROTECTIVE ORDER** |
| SAFECO INSURANCE COMPANY OF ILLINOIS, | |
| Defendants. | |

Subject to the approval of this Court, the parties, by and through their attorneys of record, hereby stipulate to the following Protective Order:

To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, adequately protect material claimed to be confidential, and ensure that protection is afforded only to material so designated, it is, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), hereby **ORDERED** that this Protective Order shall govern the disclosure, handling and disposition of documents and information in this litigation as follows:

1. **Application**.

    1.1 This Protective Order shall govern any document, information or other material produced in discovery in this case that contains confidential or private information which was produced or created in connection with the underlying lawsuit that is designated as

345160-1

1  containing "Confidential Information" as defined herein, and is produced in connection with
2  this litigation by any person or entity [hereinafter referred to as the "producing party"],
3  whether in response to a discovery request, subpoena or otherwise, to any other person or
4  entity [hereinafter referred to as the "receiving party"], regardless of whether the person or
5  entity producing or receiving such information is a party to this litigation.
6      2.    **Definitions**.
7           2.1    Confidential Information. "Confidential Information" shall mean and
8  include, without limitation, any non-public information that concerns or relates to the
9  following areas: confidential proprietary information, trade secrets, security and surveillance
10 policies, practices and procedures, commercial, financial, pricing, budgeting, and/or
11 accounting information, information about existing and potential customers, marketing
12 studies, performance projections, business strategies, decisions and/or negotiations, personnel
13 compensation, evaluations and other employment information, and confidential proprietary
14 information about affiliates, parents, subsidiaries and third-parties with whom the parties to
15 this action have or have had business relationships. "Confidential information" may be
16 contained in the following documents: manuals, contracts, correspondence (electronic or
17 otherwise), blueprints, specifications, drawings, security records, security reports, security
18 shift information and staffing levels, security patrols, security policies and procedures,
19 locations of surveillance and security cameras, documents regarding surveillance and security
20 camera capabilities, production documents, analytical reports, certification-related documents,
21 meeting minutes, meeting notices, presentation documents, and other documents.
22 "Confidential information" also includes privileged communications between defense counsel
23 hired to defend the insured in the underlying personal injury lawsuit and the insurance
24 company that is party to this case [Liberty Mutual Fire Insurance Company]. The foregoing
25 includes, but is not limited to any claim manual and internal policy/procedure documents. In
26 allowing this confidential designation for privileged communications, the parties are seeking
27 to preserve, and not waive, the privilege applicable to such communications.
28

345160-1

2.2    Documents. As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs, electronic messages, other data compilations from which information can be obtained and other tangible things subject to production under the Federal Rules of Civil Procedure.

3.    **Initial Designation**.

3.1    Good Faith Claims. Claims of confidentiality will be made only with respect to documents; other tangible things and information that the asserting party has a good faith belief are within the definition set forth in subparagraph 2.1 of this Protective Order. Objections to such claims made pursuant to paragraph 5, below, shall also be made only in good faith.

3.2    Produced Documents. A party producing documents that it believes constitute or contain Confidential Information shall state that the material is being produced under this Protective Order by describing the documents or materials to be treated as confidential in writing, by page or bates number wherever possible, and/or shall produce copies bearing a label that contains or includes language substantially identical to the following:

**CONFIDENTIAL**

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies. If any person or party makes copies of documents designated as containing Confidential Information, the copying person or party shall mark each such copy as containing Confidential Information in the same form as the Confidentiality notice on the original document.

A party producing documents that are stored on electronic, magnetic, optical or other non-paper media, such as compact discs, DVD's, video tapes and audio tapes (collectively, "data storage devices") shall designate the data storage device as containing Confidential Information, by affixing a label or stamp to the data storage device in the manner described above at the time copies of such data storage devices are produced. If the receiving party or

1   other persons or entities to whom disclosure is authorized pursuant to subparagraph 7.1 make a
2   copy of any data storage device designated by the producing party as containing Confidential
3   Information, the receiving party or other authorized person shall mark each such copy as
4   containing Confidential Information in the same form as the confidentiality notice on the
5   original data storage device produced. If the receiving party or other authorized person prints
6   out or otherwise makes copies of the documents or information stored on such data storage
7   device, the receiving party or other authorized person shall mark each page so copied with the
8   label or stamp specified in subparagraph 3.2.

9         3.3   Interrogatory Answers. If a party answering an interrogatory or other
10  discovery demand believes that its answer contains Confidential Information, it shall set forth
11  that answer in a separate document that is produced and designated in the same manner as a
12  produced document under subparagraph 3.2. Such answers should make reference to the
13  separately-produced document containing the answer, but such document should not be
14  attached to the response.

15        3.4   Inspection of Documents. In the event a party elects to produce files and
16  records for inspection and the requesting party elects to inspect them, no designation of
17  Confidential Information needs to be made in advance of the inspection. For purposes of such
18  inspection, all material produced shall be considered as Confidential Information. If the
19  inspecting party selects specified documents to be copied, the producing party shall designate
20  Confidential Information in accordance with subparagraph 3.2 at the time the copies are
21  produced.

22        3.5   Deposition Transcripts. Within ten (10) days after the receipt of a
23  deposition transcript, a party may inform the other parties to the action of the portions of the
24  transcript that it wishes to designate as Confidential Information. Until such time has elapsed,
25  deposition transcripts in their entirety are to be considered as Confidential Information. All
26  parties in possession of a copy of a designated deposition transcript shall mark it appropriately.
27  The court reporter shall comply with and be bound by this Order. In the event that the party
28  furnishing deposition testimony designates portions or all of that testimony as Confidential

1  Information, the court reporter shall separately transcribe and submit under seal, to counsel for
2  the parties, transcriptions of the testimony so designated. Confidential transcripts of
3  deposition testimony shall be treated the same and afforded the same protections as other
4  documents and materials designated as Confidential Information under this Order.

5        3.6    Multi-page Documents. A party may designate all pages of an
6  integrated, multi-page document, including a deposition transcript and interrogatory answers,
7  as Confidential Information by placing the label specified in subparagraph 3.2 on the first page
8  of the document or on each page of the document. If a party wishes to designate only certain
9  portions of an integrated, multi-page document as Confidential Information, it should
10 designate such portions immediately below the label on the first page of the document and
11 place the label specified in subparagraph 3.2 on each page of the document containing
12 Confidential Information.

13     4.    **Designations by Another Party**.

14       4.1    Notification of Designation. If a party other than the producing party
15 believes that a producing party has produced a document that contains or constitutes
16 Confidential Information of the non-producing party, the non-producing party may designate
17 the document as Confidential Information by so notifying all parties in writing within fourteen
18 (14) days of service of the document.

19       4.2    Return of Documents; Non-disclosure. Whenever a party other than the
20 producing party designates a document produced by a producing party as Confidential
21 Information in accordance with subparagraph 4.1, each party receiving the document shall
22 either add the Confidential Information designation in accordance with subparagraph 3.2 or
23 substitute a copy of the document bearing such designation for each copy of the document
24 produced by the producing party. Each party shall destroy all undesignated copies of the
25 document or return those copies to the producing party, at the direction of the producing party.
26 No party shall disclose a produced document to any person, other than the persons authorized
27 to receive Confidential Information under subparagraph 7.1, until after the expiration of the
28 fourteen (14) day designation period specified in subparagraph 4.1. If during the fourteen (14)

345160-1

1  day designation period a party discloses a produced document to a person authorized to
2  receive Confidential Information under subparagraph 7.1, and that document is subsequently
3  designated as Confidential Information in accordance with subparagraph 4.1, the disclosing
4  party shall cause all copies of the document to be destroyed or returned to the producing party,
5  at the direction of the producing party. The party may thereafter disclose a copy of the
6  document that has been marked as Confidential Information by the designating party, in
7  accordance with subparagraphs 3.2 and 7.1.

8      5.  **Objections to Designations**. Any party objecting to a designation of
9  Confidential Information, including objections to portions of designations of multi-page
10 documents, shall notify the designating party and all other parties of the objection in writing
11 within seven (7) days.  This notice must specifically identify each document that the objecting
12 party in good faith believes should not be designated as Confidential Information and provide
13 a brief statement of the grounds for such belief.  In accordance with the Federal Rules of Civil
14 Procedure governing discovery disputes, the objecting and the designating parties thereafter
15 shall confer within 7 (seven) days after the date of such objection in an attempt to resolve their
16 differences. If the parties are unable to resolve their differences, the objecting party shall have
17 seven (7) days after the conference concludes to file with the Court a motion to remove the
18 Confidential Information.  Where a party authored, created, owns, or controls a document,
19 information or other material that another party designates as Confidential Information, the
20 party that authored, created, owns, or controls the Confidential Information may so inform the
21 objecting party and thereafter shall also be considered a designating party for purposes of this
22 paragraph.

23     All documents, information and other materials initially designated as Confidential
24 Information shall be treated as such in accordance with this Protective Order unless and until
25 the Court rules otherwise, except for deposition transcripts and exhibits initially considered as
26 containing Confidential Information under subparagraph 3.5, which will lose their confidential
27 status after ten (10) days unless so designated as Confidential Information. If the Court rules
28 that a designation should not be maintained as to a particular document, the producing party

1  shall, upon written request by a party, provide that party a copy of that document without the
2  designation described in subparagraph 3.2.
3     If an objecting party elects not to make such a motion with respect to documents within
4  seven (7) days after the conference, information or other materials to which an objection has
5  been made, the objection shall be deemed withdrawn. The designating party shall have seven
6  (7) days to respond to the objecting party's motion. If no response is filed by the designating
7  party within seven (7) days, the designating party shall be deemed to have consented to the
8  objecting party's motion pursuant to LR 7-2(d).
9     6.   **Custody**. All Confidential Information and any and all copies, extracts and
10 summaries thereof, including memoranda relating thereto, shall be retained by the receiving
11 party in the custody of counsel of record, or by persons to whom disclosure is authorized
12 under subparagraph 7.1.
13    7.   **Handling Prior to Trial**.
14    7.1   Authorized Disclosures. Confidential Information shall be disclosed by
15 the receiving party only to the following persons:
16    a.   Counsel for the parties in this litigation, including their associates, clerks,
17       paralegals, and secretarial personnel;
18    b.   Qualified persons taking testimony in this litigation involving such Confidential
19       Information, and necessary stenographic, videotape and clerical personnel;
20    c.   Experts and their staff who are retained by counsel as expert witnesses for a
21       party in this litigation;
22    d.   Experts and their staff who are consulted by counsel for a party in this
23       litigation;
24    e.   Parties to this litigation, limited to the named party and, if that party is a
25       corporate entity, a limited number of employees of the corporate entity and its insurers;
26    f.   Designated in-house counsel and a limited number of assistants, administrative
27       or otherwise;
28

345160-1

1    g.   Outside vendors employed by counsel for copying, scanning and general handling of documents;

2    h.   Any person of whom testimony is taken regarding the Confidential Information, except that such person may only be shown Confidential Information during his/her testimony, and may not retain a copy of such Confidential Information; and

3    i.   This Court and this Court's staff, subject to the Court's processes for filing materials under seal.

Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation.

Confidential Information may not be disclosed to persons under subparagraphs (c) or (d) until the receiving party has obtained a written acknowledgment from the person receiving Confidential Information, in the form of the Declaration attached hereto as Exhibit A, that he or she has received a copy of this Protective Order and has agreed to be bound by it. A party who discloses Confidential Information in accordance with subparagraph 7.1 shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons to whom a receiving party has disclosed Confidential Information and identify what documents have been disclosed, and shall furnish the written acknowledgments and disclosure list to opposing counsel as follows: (i) for a person under subparagraph (c), within thirty (30) days after the person signs the Declaration; and (ii) for a person under subparagraph (d), within thirty (30) days after the matter is finally concluded. A party who discloses Confidential Information in accordance with subparagraph 7.1 shall also furnish the written acknowledgements and disclosures list to the Court for in camera review upon its request or order. Furnishing the written acknowledgments and disclosure list to the Court shall not constitute a waiver of the attorney work product or attorney-client privilege. Disclosure of Confidential Information to this Court, including judicial staff, shall be made in accordance with subparagraph 7.4 of this Protective Order.

345160-1

7.2    **Unauthorized Disclosures.** All persons receiving Confidential Information under the terms of this Protective Order are under the jurisdiction of the state courts and U.S. federal courts located in Nevada for all matters arising from the improper disclosure or use of such information. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Protective Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain and return the Confidential Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

7.3    **Court Filings.** In the event any Confidential Information must be filed with the Court prior to trial, the proposed filing shall comply with the Federal Rules of Civil Procedure and the requirements set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). In accordance with these rules and requirements, the proposed filing shall be accompanied by a motion to file the Confidential Information under seal and a proposed order, and the application and proposed order shall be directed to the judge to whom the Confidential Information is directed. This provision is applicable to briefs, memoranda, and other filings which quote, summarize, or describe Confidential Information.

8.    **Care in Storage**. Any person in possession of Confidential Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of such information to ensure that the confidential and sensitive nature of same is maintained.

9.    **Handling During Trial**. Confidential Information that is subject to this Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Court upon application by any party.

10.    **No Implied Waivers**. This Protective Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to

discovery requests or to object to a requested inspection of documents or facilities. Parties producing Confidential Information in this litigation are doing so only pursuant to the terms of this Protective Order. The taking of any action in accordance with the provisions of this Protective Order shall not be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

11. **No Admission**. The designation of any item as Confidential Information shall not be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

12. **Inadvertent Disclosure**. Issues regarding inadvertent disclosures shall be resolved under the provisions of FRE 502.

13. **Parties' Own Documents**. This Protective Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Protective Order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.

14. **Motion to Compel Production of Confidential Information**. If any third party subpoenas Confidential Information from a party to this action or moves to compel a party to this action to produce any such information, such party shall immediately notify the parties who originally produced and/or designated such information that a subpoena has been served or a motion has been made in order to allow the parties who originally produced and/or designated such information the opportunity to seek a protective order or oppose the motion or application. If, within thirty (30) days after receiving notice of a subpoena seeking Confidential Information from a receiving party, the party who originally produced and/or designated such information fails to move for a protective order, the party subject to the subpoena may produce said information. In addition, if a party is ordered to produce Confidential Information covered by this Protective Order, then notice and, if available, a copy of the order compelling disclosure shall immediately be given the parties who originally produced and/or designated such information. Nothing in this Protective Order shall be construed as requiring the party who is ordered to produce such Confidential Information to

345160-1

1  challenge or appeal any order requiring the production of such information or to subject
2  himself/herself to any penalty for non-compliance with any legal process or seek any relief
3  from the Court.

4      15.    **No Effect on Other Rights**. This Protective Order shall in no way abrogate or
5  diminish any pre-existing contractual, statutory, or other legal obligations or rights of any
6  party with respect to Confidential Information.

7      16.    **Modification**. In the event any party hereto seeks a Court order to modify the
8  terms of this Protective Order, or seeks a protective order which incorporates the terms and
9  conditions of this Protective Order said party shall make such request by written stipulation or
10 noticed motion to all parties that must be served and filed in accordance with local court rules.

11     17.    **Handling Upon Conclusion of Litigation**. All parties, counsel, and persons to
12 whom disclosure was made agree to return all Confidential Information to the designating
13 party within ninety (90) days of the conclusion of litigation between the parties, including final
14 appellate action or the expiration of time to appeal or seek further review. In addition, counsel
15 shall certify in writing that all such Confidential Information has been returned. Counsel for
16 each party also shall contact each person to whom that party has provided a copy of any
17 Confidential Information and request the documents be returned. In lieu of returning
18 Confidential Information, the person or party in possession of such information may elect to
19 destroy it. If the person or party in possession of Confidential Information elects to destroy it
20 rather than return it, that person or party must notify the designating party in writing of the
21 destruction of the information within ninety (90) days of the conclusion of litigation between
22 the parties, including final appellate action or the expiration of time to appeal or seek further
23 review.
24 ///
25 ///
26 ///
27 ///
28 ///

345160-1

18. **Survival of the Terms of this Protective Order**. Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party otherwise in writing or a court order otherwise directs.

RESPECTFULLY SUBMITTED this 12th day of January, 2016.

DATED this 12th day of January, 2016.          DATED this 8 day of January, 2016.

KOELLER NEBEKER CARLSON
& HALUCK, LLP

By: _____              By: _____
ANDREW C. GREEN, ESQ.                           THOMAS J. MURPHREY, ESQ.
Nevada Bar No. 9399                             Nevada Bar No. 4124
DAVID M. GOULD, ESQ.                            8921 West Sahara Ave., Suite A
Nevada Bar No. 11143                            Las Vegas, NV 89117
300 South Fourth Street, Suite 500              Attorney for Plaintiff,
Las Vegas, NV 89101                             YONG HA CHUNG
Attorneys for Defendant,
SAFECO INSURANCE COMPANY
OF ILLINOIS

## ORDER

IT IS SO ORDERED.

Dated: January 19, 2016                         , ~~201~~   .

_____
U.S. MAGISTRATE JUDGE